IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


JAMES FIELD,

      **Plaintiff,**

v.                                                                      No. CIV 10-0676 RB/RHS

RUST & SONS TRUCKING, INC., and
FLOYD HERBIG,

      **Defendants.**


**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Defendant Floyd Herbig's Motion to Reopen

Case and to Enforce Settlement Agreement. (Doc. 81).  Briefing is complete.  Having reviewed

the parties' submissions and the relevant law, and being otherwise fully advised, the Court denies

this Motion.

**I.      Background**

On November 14, 2011, the Court approved an Order to Dismiss submitted by the parties.

(Doc. 79).  The Order to Dismiss stated that "the Court has jurisdiction over the subject matter

and the parties herein, that the Plaintiff James Field and Defendants have entered into a settlement

agreement resolving Plaintiff's claims against Defendants, and that this settlement does not

include the claims of Floyd Dale Herbig against James Field, as an employee or agent of Overton

Trucking, and Overton Trucking."  (*Id.*)  The Order to Dismiss further provided "that Plaintiff

James Field's claims against Defendants are dismissed with prejudice, each party is to bear its own

costs and fees, that Floyd Dale Herbig's claims against James Field and Overton Trucking are not

included in this settlement and dismissal, and that this dismissal should not be construed to bar

Herbig's claims against Field and Overton Trucking for his injuries as a result of the accident

forming the basis of this lawsuit, these claims being expressly reserved." (*Id.*)  The Court did not

reserve jurisdiction in the Order to Dismiss.

On December 9, 2011, Field signed a Confidential Settlement Agreement and Release

(CSAR) and accepted $500,000 in settlement of his claims against Herbig.  (Doc. 81-1).  The

CSAR states:

> The parties agree that any and all good and valuable consideration includes the
> preservation of claims which may be asserted by any person by reason of the injuries
> sustained by Floyd Herbig, that it shall not be argued that any such claims are
> procedurally or substantively waived, that this compromise and settlement shall in no
> way affect or prejudice such claims or counterclaims or any other cause of action
> presently or subsequently asserted against James Field, or his employer, Overton
> Transportation . . .

(*Id.*)

The next sentence of the CSAR states:

> The parties also agree that with respect to any claims or counterclaims that may be
> brought by Floyd Herbig against James Field or Overton Transportation, nothing in
> this agreement will operate to waive[,] restrict, or otherwise limit James Field's or
> Overton Transportation's defenses to such claims or counterclaims.

(*Id.*)

On February 24, 2012, Floyd Dale Herbig and his son, Floyd Dean Herbig, filed suit

against James Field and Overton Transportation ("Field and Overton") in the case styled *Herbig*

*v. Field*, and numbered D-424-CV-2012-09, Fourth Judicial District Court, State of New Mexico.

On April 13, 2012, Field and Overton removed *Herbig v. Field* to this Court.  *See Herbig v.*

*Field*, CIV 12-0384 LH/CEG.  On October 3, 2012, Field and Overton filed a motion to dismiss

in *Herbig v.Field*, contending that the claims of Herbig against Field are barred because the claims

were compulsory counterclaims that Herbig failed to assert in the instant matter.  (Doc. 81-2).

The Motion to Dismiss is currently pending in *Herbig v.Field*.

Herbig moves to reopen the instant matter to obtain a ruling that the CSAR allows his

claims in *Herbig v. Field* to proceed.  Field opposes the motion.

**II.    Discussion**

After a lawsuit is settled and dismissed, the district court generally does not have

"ancillary jurisdiction to enforce the parties' settlement agreement.  A district court can, however,

retain jurisdiction over a settlement agreement if the order of dismissal shows an intent to retain

jurisdiction or incorporates the settlement agreement." *Morris v. City of Hobart*, 39 F.3d 1105,

1110 (10th Cir. 1994) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380-81,

(1994)).  However, "[t]he judge's mere awareness and approval of the terms of the settlement

agreement do not suffice to make them part of his order." *Kokkonen*,511 U.S. at 381.  "Without

reservation by the court, . . . there must be an independent basis for federal jurisdiction." *Morris*,

39 F.3d at 1110-11 (citing *Kokkonen*, 511 U.S. at 382).  In this case, neither the Order to Dismiss

nor the CSAR mentioned, or allowed for, retention of jurisdiction.

While a court always retains jurisdiction to vindicate its orders, *Kokkonen*, 511 U.S. at

380, in this case, the "the only order . . . was that the suit be dismissed, a disposition that is in no

way flouted or imperiled by the alleged breach of the settlement agreement." *Id.* at 380-81.  In

that neither the Order to Dismiss nor the CSAR provide a basis for federal jurisdiction, this Court

lacks subject matter jurisdiction to reopen the case.  Additionally, this Court has no specialized

knowledge of the parties' intent in drafting the Order to Dismiss and the CSAR.  Accordingly, the

legal effect of the competing clauses in the CSAR should be decided in *Herbig v. Field*.

**THEREFORE,**

**IT IS ORDERED** that Defendant Floyd Herbig's Motion to Reopen Case and to Enforce

Settlement Agreement, (Doc. 81), is **DENIED**.


_____

**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**